■ In the Matter of the Claim of LEO BENZ, Respondent, v. RALPH PACKING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed January 21, 1972, and from an amended decision of the Workmen's Compensation Board, filed October 13, 1972. Claimant suffered injuries when he fell from a ladder, in 1968, striking his head, back and right elbow. The fall activated° a pre-existing osteoarthritic condition of the spine, and it was found that claimant was totally disabled. In its decision of January 21, 1972, the board affirmed the Referee's findings that 25% of claimant's disability was causally related to the 1968 fall, and the award of $22.89 per week. When the carrier contended that the computation of the award was incorrect, the board, on its own motion, modified its decision. However, it then found a causally related disability of 50% and increased the award to $35 per week. Doctor Lockwood, an impartial specialist, and Dr. Linart both testified that there was a causal relationship between claimant's accident and his disability. Appellants do not dispute this, but merely challenge the board's apportionment of responsibility between the accident and the underlying condition. The apportionment of causality is particularly within the board's fact-finding province. "Such a finding could never have mathematical or exact demonstration" and there is support for the theory "that in the absence of special circumstances equal apportionment is the best rule to apply" (*Matter of Engle* v. *Niagara Mohawk Power Corp.*, 6 N Y 2d 449, 454). The board was entitled to apportion responsibility between the injury and the arthritis equally, and since there is support in the record for its findings, we must affirm the decisions. Decisions affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.